IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

MORIS LACA, individually and as parent and next friend of R. LACA and A. LACA, minor children; and SUELA TAFANI, individually and as parent and next friend of R. LACA and A. LACA, minor children,

    Plaintiffs,

v.

UNITED STATES OF AMERICA *ex rel.* Department of Veterans AFFAIRS; and SCOTT W. JONES, Special Agent for the Department of Veteran Affairs,

    Defendants.

Case No. 22-cv-00366-TCK-SH

## OPINION AND ORDER

Before the Court is a motion seeking to quash Plaintiffs' notice of deposition of Defendant Scott W. Jones, who has not yet been served with process in this case.

## Background

Plaintiffs brought this lawsuit on August 24, 2022, asserting multiple claims relating to the investigation, arrest, and prosecution of Plaintiff Moris Laca. (ECF No. 2.) Plaintiffs apparently served Defendant United States of America with process, and the government appeared in the case on November 7, 2022. (ECF Nos. 9-10.) Plaintiffs, however, have failed to serve Defendant Scott W. Jones ("Jones"). Instead, Plaintiffs attempted service on Jones at the U.S. Department of Veteran Affairs, which service failed due to Jones no longer being at that address. (ECF No. 5) The unexecuted summons was filed in the case on September 6, 2022, and there is no indication of any other attempts at serving Jones evident from the docket in the year since. Plaintiffs did attempt to discover Jones' last known contact information from the United States by interrogatory,

but the United States refused to respond, citing the Privacy Act, 5 U.S.C. § 552a.[1] (ECF No. 30-4 at 6.) Jones has never entered an appearance in this case, and counsel for the Government denies representing him.

Nevertheless, on August 16, 2023, Plaintiffs issued a deposition notice for Jones. (ECF No. 29-2.) The notice was issued to Jones "c/o" the attorney for the United States. (*Id.*) Plaintiff then issued an amended deposition notice that merely changed the location of the deposition. (ECF No. 29-4.) It does not appear that Plaintiffs issued any subpoena to Jones under Rule 45. Instead, Plaintiffs' counsel has asserted that no subpoena is necessary, due to Jones' status as a party. (ECF No. 29-1 at 2.)

The United States has moved to quash the deposition notice.

**Analysis**

Rule 30 provides that a party may depose any person, including a party, and must give notice of the deposition to every other party. Fed. R. Civ. P. 30(a)(1), (b)(1). Plaintiffs have issued such a notice in this case. The question, however, is whether there is any current obligation of the deponent—Scott Jones—to attend that deposition. Here, there is not.

There are two potential ways to compel a deponent's appearance—absent consent. First, a deponent may be subpoenaed under Rule 45. *See* Fed. R. Civ. P. 30(a)(1). That did not occur here.

---

[1] The Court notes that the Department of Justice's own publication states that the "Privacy Act 'does not create a qualified discovery privilege' or 'any other kind of privilege or bar that requires a party to show actual need as a prerequisite to invoking discovery'" and, instead, discovery requests for information covered by the Act are generally considered under the usual discovery standards. *Overview of the Privacy Act: 2020 Edition*, available at https://www.justice.gov/opcl/overview-privacy-act-1974-2020-edition/disclosures-third-parties (last visited Sept. 12, 2023) (citing *Laxalt v. McClatchy*, 809 F.2d 885, 888 (D.C. Cir. 1987)). Neither party has sought an order from the Court to allow the release of Jones' contact information. *See, e.g.*, 5 U.S.C. § 552a(b)(11).

Second, if the deponent is a party, he is obliged to attend the deposition upon receipt of a proper notice of deposition. *See* Fed. R. Civ. P. 37(d) (authorizing sanctions when a party "fails, after being served with proper notice, to appear for that person's deposition"); *see also* Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2460 (3d ed.). This rule, however, does not apply "to an involuntary party who has not been served with process and who is not within the jurisdiction of the subpoenaing court." *Id.* Here, while Plaintiffs have named Jones as a defendant, he is not yet a party subject to the jurisdiction of this Court. *See, e.g., Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."); *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") There is no indication that Jones has been served with the summons and become subject to the jurisdiction of this Court. Jones has not even been provided notice of the deposition, nor has he consented to appear.

As there is no basis to enforce the notice of deposition as to Scott W. Jones, it would be a waste of time to require the United States to attend.

IT IS THEREFORE ORDERED that Defendant United States of America's Motion to Quash (ECF No. 29) is GRANTED.

ORDERED this 15th day of September, 2023.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT