IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

MORIS LACA, individually and as parent )
and next friend of R. LACA and A. LACA, )
minor children; and SUELA TAFANI, )
individually and as parent and next friend )
of R. LACA and A. LACA, minor children, )
                                                   )
    Plaintiffs, )
                                                   )
v. ) Case No. 22-cv-00366-SEH-SH
                                                   )
UNITED STATES OF AMERICA *ex rel.* )
DEPARTMENT OF VETERANS )
AFFAIRS; and SCOTT W. JONES, )
Special Agent for the Department of )
Veteran Affairs, )
                                                   )
    Defendants. )

**<u>OPINION AND ORDER</u>**

Before the Court are the defendants' separate motions to stay discovery. Because defendant Scott Jones ("Jones") has moved to dismiss based, in part, on qualified immunity, the undersigned finds that a stay is appropriate in this case.

### *Background*

Plaintiffs' claims relate to the investigation, failed prosecution, and termination of Moris Laca ("Laca"). According to the Complaint, in early 2020, Jones, a special agent with the Department of Veterans Affairs ("VA"), accused Laca of illegally accessing and stealing controlled substances from returned mail at the VA facility where Laca worked as a doctor. (ECF No. 2 ¶ 14.) Laca claims that, as a result, he was suspended from his position and coerced into surrendering his Drug Enforcement Administration license. (*Id.* ¶¶ 15-16.)

Plaintiffs filed suit in 2022, naming as defendants Jones and the United States *ex rel.* Department of Veterans Affairs (the "Government"). (ECF No. 2.) Laca asserts claims

for negligence, false imprisonment, false arrest, malicious prosecution, abuse of process, intentional infliction of emotional distress, and violation of his civil rights. (*Id.* ¶¶ 39-64.) Laca's wife and children have asserted claims for loss of consortium, and his wife has additionally asserted a claim for intentional infliction of emotional distress. (*Id.* ¶¶ 65-78.)

The Government filed an answer on March 10, 2023, and discovery began soon after. (ECF No. 22 (answer); ECF No. 43-1 (written discovery served in May 2023).) Several more months passed before Jones was finally located and served. (ECF No. 37.)

Jones appeared in the case on November 2, 2023, and immediately filed a motion to dismiss, asserting—among other things—that he is entitled to qualified immunity from suit. (ECF No. 50 & ECF No. 51 at 12.) On November 21, 2023, Jones also filed the current motion to stay discovery. (ECF No. 66.) That motion has now been referred to the undersigned. (ECF No. 157.)

In December 2023, the Government filed a post-answer motion to dismiss under Fed. R. Civ. P. 12(b). (ECF No. 78.) Two months later, it also filed a motion to stay discovery (ECF No. 104), which has now been referred to the undersigned (ECF No. 157).

## *Analysis*

### I.  **Discovery & Qualified Immunity**

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). It is "both a defense to liability and a limited 'entitlement not to stand trial or face the other burdens of litigation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "Because qualified immunity is 'an im-

munity from suit rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial.'" *Pearson*, 555 U.S. at 231 (quoting *Mitchell*, 472 U.S. at 526); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) ("the defense is meant to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such *pretrial* matters as discovery, as inquiries of this kind can be peculiarly disruptive of effective government" (internal quotations and alterations omitted)).

The Supreme Court has "made clear that the 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that '"insubstantial claims" against government officials [will] be resolved prior to discovery.'" *Pearson*, 555 U.S. at 231-32 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 n.2 (1987)). "Accordingly, 'we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" *Id.* at 232 (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam)). "Until this threshold immunity question is resolved, discovery should not be allowed." *Harlow*, 457 U.S. at 818. "Decision of this purely legal question permits courts expeditiously to weed out suits . . . without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). With these considerations in mind, "a district court may stay discovery upon the filing of a dispositive motion based on qualified immunity." *Stonecipher v. Valles*, 759 F.3d 1134, 1148 (10th Cir. 2014).

When one defendant asserts qualified immunity, the question then becomes whether the Court should extend the stay to other defendants. In *Iqbal*, the Supreme Court did not directly address this issue, considering instead the appropriate standard for deciding a motion to dismiss under Rule 12(b)(6). *Iqbal*, 556 U.S. at 666. In making that decision, however, the Court considered an argument that Rule 8's pleading requirements

3

could be relaxed where the court had been instructed to "cabin discovery in such a way as to preserve petitioners' defense of qualified immunity as much as possible" prior to summary judgment. *Id.* at 684 (internal quotations omitted). The Court rejected this approach, first noting that the question presented by a motion to dismiss "does not turn on the controls placed upon the discovery process." *Id.* at 684-85. The Court also offered thoughts on the "thrust" of the qualified immunity doctrine, which is "to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Id.* at 685 (quoting *Siegert*, 500 U.S. at 236).

> It is no answer to these concerns to say that discovery for petitioners [the immunity-asserting defendants] can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Id.* at 685-86.

Following *Iqbal*, numerous courts have found it appropriate to stay discovery for all defendants when one defendant raises the defense of qualified immunity. *See, e.g.*, *Lucero v. City of Aurora*, No. 123CV00851GPGSBP, 2023 WL 5957126, at *3-6 (D. Colo. Sept. 13, 2023) ("[i]n *Iqbal*, the Supreme Court made clear that discovery must be stayed upon assertion of qualified immunity, even if there are claims (or defendants) that are not subject to a qualified immunity defense; otherwise, the defense is lost");[1] *Tenorio v. Pitzer*, No. CV 12-1295 MCA/KBM, 2013 WL 12178001, at *3 (D.N.M. July 27, 2013) ("after *Iqbal*, the law is clear that discovery should be stayed upon assertion of qualified

---

[1] The court in *Lucero* continued: "even if the language in *Iqbal* were [dicta], this court would be 'bound by Supreme Court dicta almost as firmly as by the Court's outright holdings, particularly when the dicta is recent and not enfeebled by later statements.'" *Id.* at *5 (quoting *Indep. Inst. v. Williams*, 812 F.3d 787, 798 n.13 (10th Cir. 2016)).

immunity, even for those defendants not asserting the defense"); *Silversmith v. Martin*, No. CV 20-566 WJ/GJF, 2021 WL 1200602, at *2 (D.N.M. Mar. 30, 2021) ("once a single defendant raises the issue of qualified immunity in a dispositive motion, discovery for all defendants should generally be stayed").[2]

While discovery should be avoided once a qualified immunity defense is raised, "there are some circumstances when narrow discovery is permitted." *Martin v. Cnty. of Santa Fe*, 626 F. App'x 736, 740 (10th Cir. 2015) (unpublished).[3] "If . . . the district court determines it cannot rule on the immunity defense without clarifying the relevant facts, the court may issue a discovery order narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Stonecipher*, 759 F.3d at 1149 (internal quotations omitted); *see also Est. of Thakuri*, 2019 WL 6828306, at *4 (contemplating "partial discovery" when "there is a serious concern that relevant information may be lost if limited discovery is not permitted, or where there is no direct connection between the entity and the particular individual asserting immunity"). At the motion to dismiss stage, however, "it is the defendant's conduct *as alleged in the complaint* that is scrutinized for 'objective legal reasonableness.'" *Behrens*, 516 U.S. at 309.

---

[2] This does not mean the Court is necessarily *required* to stay discovery for all defendants when one party raises qualified immunity. *Est. of Thakuri v. City of Westminster*, No. 19-CV-02412-DDD-KLM, 2019 WL 6828306, at *4 (D. Colo. Dec. 12, 2019) (noting only "a strong presumption in favor of a stay as to discovery from entity defendants when an individual defendant has asserted qualified immunity"); *see also Cruz v. City of Deming*, 687 F. Supp. 3d 1155, 1167 (D.N.M. 2023) ("*Iqbal* . . . never purported to alter long-standing precedent that provides a district court considerable discretion in controlling the scope, timing, and methodology of discovery so as to mandate a global stay of discovery" (collecting cases)).

[3] Unpublished decisions are not precedential, but they may be cited for their persuasive value. 10th Cir. R. 32.1(A).

## II.     A Stay in this Case

This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Here, the undersigned is convinced a stay of discovery is necessary for all parties. Discovery between Plaintiffs and the Government has been contentious, with both parties engaging in extensive motion practice. This has, at times, resulted in Jones' counsel responding to motions or attending hearings to protect Jones' position. (*See, e.g.*, ECF Nos. 108 & 131 (opposing Plaintiffs' motion to unseal discovery provided by the Government); ECF No. 127 (attending hearing on same).) Plaintiffs also have made clear their intention to depose Jones. (*See, e.g.*, ECF No. 29-2.) Some of this discovery undoubtedly would continue regardless of Jones' status as a defendant. However, Jones' interests as a defendant facing liability necessarily differ from his interests as a third-party witness, requiring different considerations and, perhaps, different expenditure of resources. All indications are that, absent a stay, Jones will lose the protection from the burdens of litigation that his alleged defense was intended to offer.

The Court further finds no basis for an exception to the stay for limited discovery. Plaintiffs do not argue additional discovery is necessary to respond to Jones' motion to dismiss—indeed, Plaintiffs have already responded (ECF No. 67)—and the focus of the district judge's analysis will be on conduct alleged in the complaint.

The Court finds a stay of discovery pending the district judge's resolution of Jones' motion to dismiss to be proper and appropriate in this case.

### III. Motions Rendered Moot by Stay

Because the Court is staying all discovery pending resolution of Jones' assertion of qualified immunity, it finds the Government's separate motion to stay discovery (ECF No. 104) and Plaintiff's second motion to compel (ECF No. 154) to be moot at this time.

IT IS THEREFORE ORDERED that *Defendant's Motion to Stay Discovery* (ECF No. 66) is GRANTED. Discovery in this case is stayed pending the resolution of *Defendant Scott Jones' Motion to Dismiss* (ECF No. 51).

IT IS FURTHER ORDERED that the *United States of America's Motion to Stay Discovery* (ECF No. 104) and *Plaintiffs' Second Motion to Compel Discovery Reponses from the Defendant, United States of America* (ECF No. 154) are denied as moot, without prejudice to their reassertion when the stay granted in this motion expires.

ORDERED this 18th day of July, 2024.

　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT