**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

MORIS LACA, individually and as parent  )
and next friend of R. LACA and A. LACA,  )
minor children; and SUELA TAFANI,  )
individually and as parent and next friend  )
of R. LACA and A. LACA, minor children,  )
                                            )
      Plaintiffs,  )
                                            )
v.  )      Case No. 22-cv-00366-SEH-SH
                                            )
UNITED STATES OF AMERICA *ex rel.*  )
DEPARTMENT OF VETERANS  )
AFFAIRS; and SCOTT W. JONES,  )
Special Agent for the Department of  )
Veterans Affairs,  )
                                            )
      Defendants.  )

**OPINION AND ORDER**

Before the Court is Plaintiffs' motion for sanctions against the Government and its counsel. Plaintiffs complain that the Government failed to provide information and documents relating to the so-called "*Giglio* impairment" of Defendant Scott Jones. The Court finds that the Government objected to the scope of Plaintiffs' discovery requests and explicitly outlined the limited nature of the information it was providing. The Court further finds that Plaintiffs failed to seek an order compelling this discovery. As such, no sanction is warranted here.

**Background**

Plaintiffs filed this action on August 24, 2022, seeking recovery for the criminal investigation and prosecution of Dr. Moris Laca, as well as his termination from the Ernest Childers Veteran's Center in Tulsa, Oklahoma. (ECF No. 2.) Plaintiffs named as defendants the United States of America *ex rel.* Department of Veterans Affairs (the

"Government") and Scott W. Jones, Special Agent for the Department of Veterans Affairs ("Agent Jones"). According to Plaintiffs, Agent Jones testified falsely before a federal grand jury, resulting in the indictment of Dr. Laca in *United States v. Laca*, 20-CR-86-JFH (N.D. Okla.). (*Id.* ¶¶ 19–20.) Plaintiffs now assert various claims under the Federal Tort Claims Act and 42 U.S.C. § 1983.

After months of discovery practice, on October 9, 2023, Plaintiffs filed a motion compelling the Government to respond to its written discovery. (ECF No. 43.) This motion addressed a large number of the interrogatories and requests for production issued to the Government, but it did <u>not</u> encompass Interrogatory No. 13 or Request for Production Nos. 29 and 30. (*Id.*) Plaintiffs have never moved to compel responses to these discovery requests.

The requests relate to a single issue—the *Giglio* impairment of Agent Jones.[1]

**INTERROGATORY NO. 13**: Please advise whether or not any form of a "Giglio" type notice has been created concerning SA Scott Jones pursuant to *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972). If so, please advise the facts upon which the notice is based, when it was created, who created it and who it was sent to.

**DOCUMENT REQUEST NO. 29**: Please produce any and all documents that constitute a "Giglio" type notice regarding SA Scott Jones.

**DOCUMENT REQUEST NO. 30**: Please produce any and all documents for which the "Giglio" type notice for SA Scott Jones was based.

---

[1] Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, a prosecutor has the duty to disclose "'evidence favorable to an accused . . . where the evidence is material either to guilt or to punishment,'" and "the duty encompasses impeachment evidence as well as exculpatory evidence." *Strickler v. Greene*, 527 U.S. 263, 280 (1999) (quoting *Brady*, 373 U.S. at 87). In *Giglio v. United States*, 405 U.S. 150 (1972), the Supreme Court extended disclosure requirements to information affecting the credibility of witnesses whose reliability may be determinative of the defendant's guilt or innocence. 2 Fed. Prac. & Proc. (Wright & Miller) Crim. § 256 (4th ed.).

(ECF No. 113 at 5–6.[2]) The Government objected to all three requests on the grounds that they were "not reasonably limited in scope by office [or] agency . . . ." (*Id*. at 6.) The Government then provided, without waiving its objections, a limited response—"no *Giglio* impairment has been created by the United States Attorney's Office Northern District of Oklahoma." (*Id*.)

On November 16, 2023, the Court held a hearing on Plaintiffs' original motion to compel. At that hearing, the issue of *Giglio* material was raised, and counsel for the Government twice corrected any potential misunderstanding Plaintiffs' counsel may have had regarding the scope of the Government's discovery response—making clear that it was not saying there was "no *Giglio* material created," but instead, "[t]here was no *Giglio* material created by the Northern District of Oklahoma." (ECF No. 117 at 111:18–24.) Even the Court noticed the clarification, stating "I think I hear Ms. Parrilli providing a qualification to her statement that I suspect is relevant to the issue you are discussing." (*Id*. at 112:5–7.)

Plaintiffs have now filed a motion for sanctions under Rule 37 and 28 U.S.C. § 1927. Plaintiffs note that the discovery produced by the Government includes "extensive documentation . . . of a *Giglio* notice as to SA Jones"; that "the issuance of the *Giglio* notice was a huge issue in [Agent Jones'] termination hearing"; and that the "U.S. Attorney's office for the Northern District of Texas issued a *Giglio* notice." (ECF No. 113 at 6–7.) Plaintiffs then argue that sanctions against the Government are appropriate for giving false, misleading, or incomplete discovery responses and that the Government's counsel (Rachel Parrilli) unreasonably and vexatiously multiplied proceedings. (*Id*. at

---

[2] Citations to page numbers refer to the page number in the court-provided header.

10–13; *see also* ECF No. 135 at 4–7.)  As a sanction, Plaintiffs ask that (1) the Government

be ordered to produce documents from the U.S. Attorney's Office in Texas relating to

Agent Jones' *Giglio* notice;[3] (2) default judgment be entered against the Government as

to liability; (3) the Government be prohibited from offering any witnesses or evidence

challenging liability or damages; and (4) the Government be ordered to pay Plaintiffs'

attorney fees in reviewing discovery to find references to the *Giglio* notice.  (ECF No. 113

at 14, 21–22.)

### Analysis

Having reviewed the briefing and discovery at issue, the Court determines

Plaintiffs are not entitled to sanctions under Rule 37, because there has been no order

compelling the Government to provide the information it claims is missing and no other

basis for sanctions is met.  The Court further finds that the limited nature of the

Government's response was clear and unequivocal.  Moreover, there is no evidence that

the Government's counsel multiplied any proceedings on this issue, much less

unreasonably or vexatiously.

### I.    Rule 37

Rule 37 either mandates or allows various forms of discovery relief and sanctions,

none of which are applicable in these circumstances.  For example, under Rule 37(b)(2),

a court may order sanctions if a party "fails to obey an order to provide or permit discovery

. . . ."  Fed. R. Civ. P. 37(b)(2)(A); *see also Derma Pen, LLC v. 4EverYoung Ltd.*, 736 F.

App'x 741, 745 (10th Cir. 2018) (unpublished) (Rule 37(b)(2) allows "a court to enter a

---

[3] The Government represents that the *Giglio* notice itself is already part of the production because it was included in its agency investigative file on Agent Jones' employment matter.  (ECF No. 130 at 7.)

default judgment when a party disobeys a court order").[4]  No such order has been issued for the *Giglio* materials.

Similarly, a party may be sanctioned if they fail to provide information in their initial disclosures or as part of a required supplementation.  Fed. R. Civ. P. 37(c)(1).  No such supplementation has been ordered regarding these discovery requests.  *See* Fed. R. Civ. P. 26(e)(1)(B).  The Court further does not find supplementation as to new information about the Northern District of Texas to have been required, when the Government was clear that its initial response was limited to Oklahoma.  *See* Fed. R. Civ. P. 26(e)(1)(A).

Finally, and most obviously, if a party feels that the discovery provided to them is deficient, that party can confer in good faith with the opposing party to try and obtain the information.  If such good faith conference fails, the party may then file a motion to compel discovery under Rule 37(a).  If the party prevails on that motion, it may *then* be entitled to its expenses.  Fed. R. Civ. P. 37(a)(5)(A).  No such conference, motion, and order has occurred as to the *Giglio* materials.

There is no basis for an award of sanctions under Rule 37.

**II.    28 U.S.C. § 1927**

Under § 1927, an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally" excess costs and expenses "incurred because of such conduct."  28 U.S.C. § 1927.  The power to award costs under this section is generally "strictly construed."  *Braley v. Campbell*, 832

---

[4] Unpublished decisions are not precedential, but they may be cited for their persuasive value.  10th Cir. R. 32.1(A).

F.2d 1504, 1512 (10th Cir. 1987) (quoting *Dreiling v. Peugeot Motors of Am., Inc.*, 768

F.2d 1159, 1165 (10th Cir. 1985)).

> An attorney becomes subject to § 1927 sanctions "by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law. . . .  A lawyer's reckless indifference to the law may impose substantial costs on the adverse party.  Section 1927 permits a court to insist that the attorney bear the costs of his own lack of care."

*Id.* at 1511 (quoting *In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985)).  While bad faith is

not required, "any conduct that, viewed objectively, manifests either intentional or

reckless disregard of the attorney's duties to the court is sanctionable." *Hamilton v. Boise*

*Cascade Exp.*, 519 F.3d 1197, 1202 (10th Cir. 2008) (internal quotations omitted).  Fees

may "also be awarded when an attorney is cavalier or bent on misleading the court;

intentionally acts without a plausible basis; or when the entire course of the proceedings

was unwarranted." *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1221 (10th Cir. 2006)

(internal quotations and alterations omitted).

Plaintiffs offer no basis for sanctions under this statute.  The United States, acting

on behalf of the Department of Veterans Affairs, objected to the discovery requests as not

"limited in scope by office or agency," but still provided information about the U.S.

Attorney's Office for the Northern District of Oklahoma, where its counsel was based.

When Plaintiffs' counsel appeared to misconstrue the limited nature of the Government's

response at an unrelated hearing, counsel corrected this misunderstanding.  The

Government included *Giglio*-related materials from the Oklahoma office in the materials

it considered to be within the scope of its discovery responses—hence the multiple

references to *Giglio* in its privilege log.  And, the Government produced its own files,

including the OIG report and materials relating to Agent Jones' termination, which

included the *Giglio* notice and multiple documents relating to the *Giglio* issue.

As such, Plaintiffs are not entitled to sanctions under § 1927.

## Conclusion

IT IS THEREFORE ORDERED that *Plaintiffs' Motion for Sanctions Against the Defendant, United States and Government Counsel, Rachel Parrilli* (ECF No. 113) is DENIED.

ORDERED this 16th day of September, 2024.


SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT