IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MORIS LACA, individually and as parent and next friend of R. LACA and A. LACA, minor children; and SUELA TAFANI, individually and as parent and next friend of R. LACA and A. LACA, minor children, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA *ex rel.* DEPARTMENT OF VETERANS AFFAIRS; and SCOTT W. JONES, Special Agent for the Department of Veterans Affairs, <br><br> Defendants. | Case No. 22-cv-00366-SEH-SH |

## **OPINION AND ORDER**

Before the Court is Plaintiffs' application to recover fees and costs after partially prevailing on their motion to remove a confidentiality designation from certain documents.[1]  Plaintiffs seek total compensation of $13,345.00.  For reasons explained below, Plaintiffs' motion is denied.

## Background

The Court has recounted the facts of this case numerous times in prior orders.  As relevant here, Plaintiffs filed suit on August 24, 2022, seeking recovery for the criminal investigation and prosecution of Dr. Moris Laca ("Dr. Laca"), as well as his termination from the Ernest Childers Veteran's Center in Tulsa, Oklahoma.  (ECF No. 2.)  Plaintiffs named as defendants the United States of America *ex rel.* Department of Veterans Affairs (the "Government") and Scott W. Jones, Special Agent for the Department of Veterans

---

[1] There is no need to continue numbering parties in the caption.  This is required only in "the initiating document."  LCvR 3-1(d).

Affairs ("Jones"). (*Id.*) According to Plaintiffs, Jones falsely testified before a federal grand jury that Dr. Laca admitted to stealing a patient's Tramadol, resulting in the indictment of Dr. Laca in *United States v. Laca*, 20-CR-86-JFH (N.D. Okla.). (*Id.* ¶¶ 19–20.) After discovery revealed information that Plaintiffs argue was contrary to Jones' testimony, the criminal charges against Dr. Laca were dismissed with prejudice. (*Id.* ¶¶ 22–25.) Nevertheless, Dr. Laca was later terminated from his employment. (*Id.* ¶ 26.) Plaintiffs assert various claims under the Federal Tort Claims Act and 42 U.S.C. § 1983.

By May 2023, discovery in the case had commenced between the Government and Plaintiffs.[2] (ECF No. 43-1.) The process was contentious. Among numerous discovery disputes, one revolved around the necessity of a protective order. After considering the parties' arguments, the Court entered a case-wide protective order that allowed the parties to self-designate documents as confidential, with a process for resolving disputes about such designations. (ECF Nos. 60, 61.) The Government then produced an Office of Inspector General ("OIG") report and marked the entirety of its contents and exhibits as confidential. Plaintiffs disputed this designation and—following the procedures set out in the protective order (ECF No. 61 ¶ 7)—applied to the Court for a ruling that the material should not be so designated. (ECF No. 99.)

The Court largely granted Plaintiffs' motion, finding the OIG report should not be subject to the full protections of the protective order once certain redactions were made. (ECF No. 137 at 18–19.) As a result, there are no restrictions on the use of the OIG report in this litigation. (*Id.* at 19.) The Court did, however, impose a restriction on the use of the report outside of litigation in order to protect Defendant Jones. (*Id.*)

---

[2] Defendant Jones did not appear in the action until November 2, 2023. (ECF No. 50.)

2

Plaintiffs now seek to recover their reasonable expenses under Rule 37 and the Court's inherent power. (ECF No. 138.)

## Analysis

I. **Standard of Review**

A. **The Protective Order**

The protective order entered in this case allows a party to designate material as "confidential" if the party and its counsel believe "in good faith" that the material constitutes or discloses confidential information contemplated under Fed. R. Civ. P. 26(c). (ECF No. 61 ¶ 1(b).) The obligation to designate in "good faith" mirrors what some courts have described as Rule 26's "implicit duty of good faith." *See Healthtrio, LLC v. Aetna, Inc.*, No. 12-CV-03229-REB-MJW, 2014 WL 6886923, at *3 (D. Colo. Dec. 5, 2014) (noting that Rule 26(c) "includes an implicit duty of good faith" and finding the defendants "acted in bad faith by indiscriminately designating nearly their entire production of documents as" highly confidential); *In re ULLICO Inc. Litig.*, 237 F.R.D. 314, 317 (D.D.C. 2006) (noting the "designation of documents as 'confidential' is governed by an overarching requirement of good faith").

Under the protective order, another party may challenge this designation after attempting to resolve the matter with the opposing party. (ECF No. 61 ¶ 7.) The Court then treats the designating party as it would any other party seeking a protective order under Rule 26 and considers whether it should, for good cause, issue an order to protect a person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1).

B. **Rule 37**

Courts have found that Rule 37(a) governs the award of expenses on a motion challenging the over-designation of documents as confidential. *See, e.g., In re ULLICO*,

3

237 F.R.D. at 318 (pursuant to Rule 37(a), ordering plaintiff to pay the movant's "reasonable expenses, including attorney's fees, incurred in making this motion" challenging over-designation); *Minter v. Wells Fargo Bank, N.A.*, No. CIV WMN-07-3442, 2010 WL 5418910, at *2 (D. Md. Dec. 23, 2010) (awarding "attorney's fees . . . pursuant to Rule 37(a)(5)" after granting motion on over-designation).

This approach makes sense. As outlined above, under the form of protective order used in this case, "[o]nce there is a dispute . . ., the Court then treats the designating party as it would any other party seeking a protective order in the first instance under Rule 26." (ECF No. 137 at 6.) In turn, Rule 26 provides that, after ruling on the motion for protective order, "Rule 37(a)(5) applies to the award of expenses." Fed. R. Civ. P. 26(c)(3). Where the motion is granted in part, as it is here, Rule 37 affords the Court discretion to "apportion the reasonable expenses for the motion," unless the movant files before attempting in good faith to obtain the discovery without court intervention, the nondisclosure is substantially justified, or other circumstances make an award of expenses unjust.[3] Fed. R. Civ. P. 37(a)(5). "The court enjoys significant discretion under Rule 37(a)(5)(C) and may even decline to award fees entirely." *Doe 1 v. Taos Mun. Sch.*, No. 1:20-CV-01041-SCY-JHR, 2024 WL 4333692, at *1 (D.N.M. Sept. 27, 2024).

---

[3] There is an argument that expenses are awardable under Rule 37(b)(2) for the Government's failure to "obey an order to provide or permit discovery." (ECF No. 138 at 8 (citing *Humphreys v. Regents of Univ. of Cal.*, No. C-04-03808 SI(EDL), 2006 WL 3020902, at *3 (N.D. Cal. Oct. 23, 2006)).) The undersigned finds, however, that Rule 37(a) is a more appropriate vehicle, considering the language of the at-issue protective order. *See also Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1322–23 (11th Cir. 2001) ("a Rule 26(c) protective order is not 'an order to provide or permit discovery,' and therefore, such orders do not fall within the scope of Rule 37(b)(2)"). *But see Lewis v. Wal-Mart Stores, Inc.*, No. 02-CV-0944-CVE-FHM, 2006 WL 1892583, at *3, n.4 (N.D. Okla. July 10, 2006) (noting the "Tenth Circuit has not directly addressed the question," but finding "[s]anctions set forth in Fed. R. Civ. P. 37(b)(2) are available for a violation of a protective order entered pursuant to Fed. R. Civ. P. 26(c)").

### C. The Court's Inherent Power

In addition to Rule 37, Plaintiffs argue the Court may award fees and costs pursuant to its inherent power. Courts have the inherent power to manage their own affairs to achieve the orderly and expeditious disposition of cases. *Stenson v. Edmonds*, 86 F.4th 870, 875–76 (10th Cir. 2023). "This power includes the authority to 'fashion an appropriate sanction for conduct which abuses the judicial process.'" *Id.* at 876 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)); *see also Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1227 (10th Cir. 2015) (a court has inherent authority to impose sanctions for "abuse of the judicial process, or, in other words, for bad faith conduct in litigation" (internal quotations omitted)). This applies to "actions taken 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Sun River*, 800 F.3d at 1227 (regarding inherent authority to assess fees against counsel (quoting *Chambers*, 501 U.S. at 45–46)).

## II. Inherent Sanctions Are Not Warranted

In its underlying order on Plaintiffs' motion to de-designate, the Court found the Government's arguments under the Privacy Act to be ill-founded and strongly disapproved of its counsel's actions during pre-motion negotiations. (ECF No. 137 at 9–13.) Even so, the Government's actions did not rise to the level of abusing the judicial process, and the Court finds that inherent sanctions are not appropriate here.

In their brief, Plaintiffs argue the Court previously found the Government was precluded from arguing that material subject to the Privacy Act was confidential pursuant to the protective order. (*See, e.g.*, ECF No. 138 at 2 (arguing the Court found "at the November 17th, 2023 hearing on Plaintiffs' Motion to Compel, that the Privacy Act did not apply to discovery documents in this case"), 3 (arguing the Court made an "earlier determination [that] the Privacy Act did not allow the OIG report to be designated as

Privileged and Confidential"). Yet, the Court had not made such a ruling before the Government produced the OIG report. At most, after the Government's production and during a hearing on a different matter, the Court indicated an initial belief that the Privacy Act might not be categorically applicable to the report (ECF No. 117 at 109:23-110:8), while also noting that the Court could not "make a ruling today as to whether the entirety of that report is confidential" (*id.* at 107:8–10) and would not, at that hearing, pre-judge "a fight over confidentiality" (*id.* at 109:23–24). The Government was fully entitled to brief its arguments regarding the Privacy Act, which do not appear to have been brought in bad faith. As such, sanctions are improper based on the Government's Privacy Act arguments.

Plaintiffs also note that many of the exhibits designated as confidential "consist of publicly filed pleadings," "transcripts of interviews with Dr. Laca," and other documents that did not merit protection. (ECF No. 138 at 2.) The Court has rejected "out of hand" the Government's assertions that these documents should be designated as confidential and has chastised the Government for holding such documents hostage in negotiations. (ECF No. 137 at 11–13.) However, the Court is not convinced that the Government's actions rose to the level of wanton conduct done for the purpose of harassment or delay, or that its actions were so improper as to be described as judicial abuse. *See In re Homeadvisor, Inc. Litig.*, No. 16-CV-01849-PAB-KLM, 2023 WL 196414, at *27 (D. Colo. Jan. 16, 2023) (noting courts have found bad faith when actions taken during litigation have been for purposes of harassment or delay). The Government had a tenable argument that the confidentiality designation should apply to the OIG report as a whole, rather than the individual documents within or attached to the report. Moreover, the Government's actions did not prevent Plaintiffs' ability to review the documents. This is in contrast to a number of cases where designation was done in such a way that even the parties could not

6

access the documents. *See, e.g.*, *Healthtrio*, 2014 WL 6886923, at *1–3 (improperly designating documents as attorneys' eyes only); *Brown v. Tellermate Holdings Ltd.*, No. 2:11-CV-1122, 2014 WL 2987051, at *14, *24 (S.D. Ohio July 1, 2014) (same), *adopted as modified on other grounds*, No. 2:11-CV-1122, 2015 WL 4742686 (S.D. Ohio Aug. 11, 2015); *Live Eyewear, Inc. v. Biohacked, Inc.*, No. CV 19-461-FMO (PLAX), 2019 WL 8955366, at *5 (C.D. Cal. Sept. 19, 2019) (same).

The improperly designated material also did not result in the sort of excessive hinderance to discovery as a whole that was present in other cases where courts have found bad faith. *See, e.g.*, *Healthtrio*, 2014 WL 6886923, at *3 (90% of production designated attorneys' eyes only); *Brown*, 2014 WL 2987051, at *13–14 (over 99% so designated); *In re ULLICO*, 237 F.R.D. at 317–18 (99% of production designated confidential); *Minter*, 2010 WL 5418910, at *3 (more than 52,000 documents produced as confidential). Inherent sanctions are, therefore, not appropriate here.

**III. The Court Declines to Apportion Expenses under Rule 37**

The Court further declines to exercise its discretion and apportion Plaintiffs' expenses under Rule 37(a). While the Court was disappointed by the Government's continuing intransigence in certain areas, the process established by the Protective Order worked as intended. Moreover, there were other difficult questions raised by the parties' arguments that resulted in the Court entering a hybrid protection order that was not fully in either side's favor. It is when such difficult questions arise that parties should be able to turn to the Court to resolve their differences. It is appropriate that the parties bear their own expenses for this exercise.

## Conclusion

IT IS THEREFORE ORDERED that *Plaintiffs' Application for Attorney Fees and Costs* (ECF No. 138) is DENIED.

ORDERED this 14th day of November, 2024.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT