IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MORIS LACA, individually and as parent and next friend of R. LACA and A. LACA, minor children; and<br><br>SUELA TAFANI, individually and as parent and next friend of R. LACA and A. LACA, minor children,<br><br>            Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA *ex rel.* Department of Veterans Affairs; and<br><br>SCOTT W. JONES, Special Agent for the Department of Veterans Affairs,<br><br>            Defendants. | Case No. 22-CV-00366-SEH-SH |

## **OPINION AND ORDER**

Before the Court is Defendant Scott Jones' Motion to Dismiss. [ECF No. 51]. For the reasons set forth below, the motion is granted, and the sole claim against him by Plaintiff, Dr. Moris Laca, is dismissed.

I. **Factual Allegations in the Complaint**

Dr. Moris Laca is a physician who was employed at the Ernest Childers Department of Veterans Affairs Outpatient Clinic (the "VA") in Tulsa, Oklahoma. [ECF No. 2 at 4]. Scott W. Jones was a Special Agent for the Department of Veterans Affairs. [*Id.* at 1]. Agent Jones began investigating Dr. Laca in approximately January 2020 for allegedly accessing VA mail that contained controlled substances and for stealing those controlled substances. *See* [*id.* at 4]. Dr. Laca was suspended from his position at the VA on January 30, 2020. [*Id.*]. Agent Jones later interviewed VA pharmacy tech Stephen Duncan on June 2, 2020, who "confessed to SA Jones and other officers to diverting narcotics for the last three years." [*Id.* at 4–5].

Agent Jones then testified before a federal grand jury, and "lied about the facts of this case to intentionally cause Dr. Laca to be indicted," including false testimony that "Dr. Laca admitted … that he opened returned mail belonging to veterans, and specifically, that he stole Tramadol." [*Id.* at 5]. Agent Jones further falsely testified "that the paperwork from the opened Tramadol package Dr. Laca was accused of stealing was found in a trash can, in the mail room, when the Tramadol was stolen." [*Id.*].

After Agent Jones testified to the grand jury, Dr. Laca was indicted for mail theft in violation of 18 U.S.C. § 1708 and diversion of controlled substances in violation of 21 U.S.C. § 843(a)(3). *United States v. Laca*, No. 20-

2

cr-086-JFH-1 (N.D. Okla) (indictment filed at [ECF No. 2]). After the criminal case against Dr. Laca began, he accompanied his attorney, Agent Jones, and two attorneys for the government in the mail room at the VA where the theft was alleged to have taken place. [ECF No. 2 at 6]. After examining the contents of the evidence bag, they discovered that the envelope addressed to the individual from whom Dr. Laca was alleged to have stolen from was unopened and that "[n]o drugs had ever been stolen from this veteran nor had his envelope of mail ever been opened." [*Id.*]. The criminal case against Dr. Laca was dismissed on September 30, 2020. [*Id.* at 7]; *United States v. Laca*, No. 20-cr-086-JFH-1 (N.D. Okla) (order granting the government's motion to dismiss filed at [ECF No. 44]).

The VA terminated Dr. Laca's employment on January 6, 2021. [ECF No. 2 at 7]. Since Dr. Laca was terminated, "he has been denied employment as a physician in locations close to Tulsa, Oklahoma; and the only place he has been able to find work as a physician is in Florida, which forces him to be away from his wife and teenage children." [*Id.*].

## II. Standard

Agent Jones moves to dismiss the claim against him pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. To survive such a motion, "a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Brokers' Choice of Am.,*

3

*Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "There is a low bar for surviving a Rule 12(b)(6) motion to dismiss," and a case "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Griffith v. El Paso Cnty., Colo.*, 129 F.4th 790, 815 (10th Cir. 2025) (cleaned up).

Although the facts alleged in the operative pleading are viewed in the light most favorable to the non-moving party, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "In other words, dismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice*, 861 F.3d at 1104–05.

Additionally, conclusory allegations need not be accepted. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.").

### III. <u>Discussion</u>

Plaintiff asserts only one claim against Agent Jones for a violation of his constitutional and statutory civil rights under 42 U.S.C. § 1983. [ECF No. 2 at 14]. Plaintiff specifically alleges that Defendant violated his right "to be

free from unreasonable search and seizure, and to be free from arrest without probable cause." [*Id.*]. Although Plaintiff explicitly and exclusively relies on Section 1983 for his claim against Defendant [*Id.*], he argues that his claim is still viable under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). [ECF No. 67 at 6–12]. The Court is skeptical that Plaintiff properly asserts a *Bivens* claim because of his explicit reliance on Section 1983 in the complaint, but the Court will nevertheless address this argument in the interest of clarity.

### A. Section 1983

Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983 (emphasis added). In other words, Section 1983 does not provide a cause of action against *federal* officials who are acting under color of *federal* law. *See Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 869 (10th Cir. 2016).

All of Plaintiff's allegations against Defendant are based on Defendant's work as a Special Agent for the Department of Veterans Affairs, a federal entity, under color of federal law. Plaintiff does not make any allegations that

5

Defendant acted under color of "any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. Plaintiff has, therefore, failed to state a claim under Section 1983 against Defendant, and the claim must be dismissed.

### B. *Bivens*

Although Plaintiff exclusively relies on Section 1983 for his claim against Defendant, [ECF No. 2 at 6–12], Plaintiff now asserts that his claim can survive under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). [ECF No. 67 at 14].

In *Bivens*, the Supreme Court "authorized a damages action against federal officials for alleged violations of the Fourth Amendment." *Egbert v. Boule*, 596 U.S. 482, 486 (2022). However, the Supreme Court repeatedly declines to extend *Bivens* to "other alleged constitutional violations." *Id.* (citing 11 examples of the Supreme Court declining to extend *Bivens*). The Tenth Circuit also routinely emphasizes how disfavored *Bivens* actions are, going as far as to say that these claims are "all but dead." *Rowland v. Matevousian*, 121 F.4th 1237, 1241–42 (10th Cir. 2024); *see also Silva v. United States*, 45 F.4th 1134, 1140 (10th Cir. 2022) (reading *Egbert* as standing for the proposition that a *Bivens* action is "impermissible in virtually all circumstances."). Indeed, the "Supreme Court has not recognized a *Bivens* claim since 1980, and it has unambiguously stated that 'if [the

6

Court] were called to decide *Bivens* today, [it] would decline to discover any implied causes of action in the Constitution.'" *Rowland*, 121 F.4th at 1242. (quoting *Egbert*, 596 U.S. at 502).

Although *Bivens* actions are disfavored, the Court must still conduct a two-step inquiry to determine whether Plaintiffs' claim is cognizable. First, the Court must examine whether Plaintiffs' case "arises in a new *Bivens* context, or in other words, analyze whether [Plaintiffs'] case is 'meaningful[ly]' different from the three cases in which the Court has implied a damages action." *Id*. Second, the Court must "consider whether there are special factors suggesting that the … Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Id*. (quotation marks omitted). As a part of the second step, the Court "must ask whether there are alternative remedial schemes in place that address the plaintiff's complaints." *Id*. at 1243. Notably, "[i]f there are alternative remedial structures in place, that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action." *Egbert*, 596 U.S. at 493 (quotation marks omitted).

### i. Step One

As noted above, a *Bivens* claim has only been recognized in three circumstances:

- *Bivens* itself: This was a Fourth Amendment case in which the plaintiff claimed that FBN agents arrested him in his home without a warrant and "manacled [him] in front of his wife and children, and threatened to arrest the entire family," which constituted unreasonable force. *Bivens*, 403 U.S. at 389.

- *Davis v. Passman*, 442 U.S. 228 (1979): This was a case in which the plaintiff served as a deputy administrative assistant for a member of congress. *Id*. at 230. The plaintiff alleged that the congressman discriminated against her on the basis of her sex in violation of the Fifth Amendment. *Id*.

- *Carlson v. Green*, 446 U.S. 14 (1980): This was a case in which the plaintiff's son died in federal prison, and the claim was based on a violation of the Eighth Amendment. *Id*. at 16–17.

Plaintiff's claim against Defendant is based on alleged violations of Plaintiff's rights "to be free from unreasonable search and seizure, and to be free from arrest without probable cause." [ECF No. 2 at 14]. These are rights protected by the Fourth Amendment, so the only possible comparison is to *Bivens* itself. Although *Bivens* involved the Fourth Amendment, that does not necessarily mean the claim arises in the same context such that the case can move forward. *Rowland v. Matevousian*, 121 F.4th 1237, 1243 (10th Cir. 2024) (citing *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020)). "Significant parallels" between one of the Supreme Court's previous *Bivens* cases and a new case are not enough to survive, and "[s]mall differences can easily satisfy[y] the new-context inquiry." *Id*. (quotation marks and citation omitted).

There are meaningful differences between the facts in *Bivens* and the facts alleged by Plaintiff in this case. The plaintiff in *Bivens* claimed that he was arrested in his own home without a warrant and with excessive force. *Bivens*, 403 U.S. at 389. Unlike *Bivens*, Plaintiff's allegations do not involve a warrantless arrest or the use of excessive force. Rather, Plaintiff alleges that Defendant gave false testimony to the grand jury and that his prosecution was based on the false testimony. Plaintiff's factual allegations are meaningfully different than the facts in *Bivens* because they focus on different Fourth Amendment protections. Plaintiff's case presents a new *Bivens* context, so dismissal is proper.

### ii. Step Two

Even assuming Plaintiff's claim did not present a new *Bivens* context, the claim also fails at step two because there are "special factors suggesting that the … Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Rowland*, 121 F.4th 1237, 1242 (10th Cir. 2024) (quotation marks omitted). The core assertion of Plaintiff's claim is that Defendant lied to the grand jury and gave false testimony so the government could pursue prosecution. The Tenth Circuit has cautioned against authorizing *Bivens* actions that would interfere with the criminal charging process. *Williams v. Keller*, No. 21-4022, 2021 WL

4486392, at *3–5 (10th Cir. Oct. 1, 2021) (unpublished).[1] If Plaintiff's case were submitted to a jury, the jury "would have to examine the evidence available to investigators, prosecutors, and the grand jury, then decide whether the grand jury would have voted to indict him without the allegedly false information the defendants provided." *Id.* at *3. The Court agrees that allowing Plaintiff's claim against Defendant to go forward would improperly delve into executive charging decisions and the secrecy of the grand jury process. Plaintiff's claim against Agent Jones, therefore, fails at step two of the *Bivens* inquiry. For that reason, Plaintiff has failed to state a claim upon which relief may be granted, and dismissal is proper.

### C. Other Issues

The parties raise several additional issues related to Defendant's motion to dismiss. However, the Court declines to reach those questions because Plaintiffs' claims against Defendant fail under Section 1983 and *Bivens* for the independent reasons set forth above.

### Conclusion

For the reasons set forth above, Defendant Scott Jones' motion to dismiss [ECF No. 51] is GRANTED. Plaintiff's claim against Defendant Scott Jones, the seventh claim [ECF No. 2 at 14], is DISMISSED WITHOUT

---

[1] The Court acknowledges this order and judgment is unpublished. 10th Cir. R. 32.1(A). However, the Court cites to it for persuasive value.

PREJUDICE. The Court grants Plaintiff leave to amend his complaint if he wishes to do so. If Plaintiff wishes to amend the complaint, he must do so no later than August 27, 2025. Failure to timely amend the complaint may result in dismissal of this action in its entirety.

DATED this 6th day of August, 2025.

_Sara Hill_
Sara E. Hill
UNITED STATES DISTRICT JUDGE