IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MORIS LACA, individually and as parent and next friend of R. LACA and A. LACA, minor children; and<br><br>SUELA TAFANI, individually and as parent and next friend of R. LACA and A LACA, minor children,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA *ex rel.* Department of Veterans Affairs; and<br><br>SCOTT W. JONES, Special Agent for the Department of Veterans Affairs,.<br><br>　　　　　Defendants. | Case No. 22-CV-00366-SEH-SH |

# OPINION AND ORDER

Before the Court is the United States of America's Motion to Dismiss for Want of Jurisdiction and Brief in Support [ECF No. 78]. For the reasons set forth in more detail below, the motion is granted.

**I. Factual Allegations in the Complaint**

Dr. Moris Laca is a physician who was employed at the Ernest Childers Department of Veterans Affairs Outpatient Clinic (the "VA") in Tulsa,

Oklahoma. [ECF No. 2 at 4]. Scott W. Jones was a Special Agent for the Department of Veterans Affairs. [*Id.* at 1]. Agent Jones began investigating Dr. Laca in approximately January 2020 for allegedly accessing VA mail that contained controlled substances and for stealing those controlled substances. *See* [*id.* at 4]. Dr. Laca was suspended from his position at the VA on January 30, 2020. [*Id.*]. Agent Jones later interviewed VA pharmacy tech Stephen Duncan on June 2, 2020, who "confessed to SA Jones and other officers to diverting narcotics for the last three years." [*Id.* at 4–5].

Agent Jones then testified before a federal grand jury, and "lied about the facts of this case to intentionally cause Dr. Laca to be indicted," including false testimony that "Dr. Laca admitted … that he opened returned mail belonging to veterans, and specifically, that he stole Tramadol." [*Id.* at 5]. Agent Jones further falsely testified "that the paperwork from the opened Tramadol package Dr. Laca was accused of stealing was found in a trash can, in the mail room, when the Tramadol was stolen." [*Id.*].

After Agent Jones testified to the grand jury, Dr. Laca was indicted for mail theft in violation of 18 U.S.C. § 1708 and diversion of controlled substances in violation of 21 U.S.C. § 843(a)(3). *United States v. Laca*, No. 20-cr-086-JFH-1 (N.D. Okla) (indictment filed at [ECF No. 2]). After the criminal case against Dr. Laca began, he accompanied his attorney, Agent Jones, and two attorneys for the government in the mail room at the VA where the theft

was alleged to have taken place. [ECF No. 2 at 6]. After examining the contents of the evidence bag, they discovered that the envelope addressed to the individual from whom Dr. Laca was alleged to have stolen from was unopened and that "[n]o drugs had ever been stolen from this veteran nor had his envelope of mail ever been opened." [*Id*.]. The criminal case against Dr. Laca was dismissed on September 30, 2020. [*Id*. at 7]; *United States v. Laca*, No. 20-cr-086-JFH-1 (N.D. Okla) (order granting the government's motion to dismiss filed at [ECF No. 44]).

The VA terminated Dr. Laca's employment on January 6, 2021. [ECF No. 2 at 7]. Since Dr. Laca was terminated, "he has been denied employment as a physician in locations close to Tulsa, Oklahoma; and the only place he has been able to find work as a physician is in Florida, which forces him to be away from his wife and teenage children." [*Id*.].

## II. Discussion

### A. Standard

Plaintiffs assert various claims in the complaint, but all their claims against Defendant are brought pursuant to the Federal Tort Claims Act ("FTCA"). A claim is actionable under the FTCA if all six elements set forth in 28 U.S.C. § 1346(b) are alleged, which require that the claim be:

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or

3

employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Brownback v. King*, 592 U.S. 209, 212 (2021) (*quoting F.D.I.C. V. Meyer*, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b)).

Defendant bases its motion on several grounds, but the main issue addressed in this order is whether Plaintiffs have sufficiently identified a private party analog to support element 6 of their FTCA claims. Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(1), and this issue presents a question of the Court's subject-matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 217–18 (2021).

"Federal courts are courts of limited jurisdiction" and may exercise jurisdiction only when specifically "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction takes one of two forms: a facial or a factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). A facial attack questions the sufficiency of the complaint's allegations. *Id.* In reviewing a facial challenge, a district court must accept the allegations in the complaint as true. *Id.* However, in a factual attack, the moving party may go beyond the allegations contained in the complaint and challenge the facts upon which subject-matter jurisdiction depends. *Id.* A district court may not presume the truthfulness of the

4

complaint's factual allegations when reviewing a factual attack on subject-matter jurisdiction. *Id.* Rather, a court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id.* Defendant makes a factual attack on subject-matter jurisdiction in this case. [ECF No. 78 at 7].

Once challenged, the burden of proving subject-matter jurisdiction is on the plaintiff. *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797–98 (10th Cir. 2002) (explaining that "conclusory allegations of jurisdiction are not enough;" plaintiff must "show, by a preponderance of the evidence, that jurisdiction exists") (quotation marks and citations omitted)); *see also Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008) ("The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.").

A court must convert a Rule 12(b)(1) motion into a summary judgment motion or a Rule 12(b)(6) motion to dismiss "when resolution of the jurisdictional question is intertwined with the merits of the case." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001). "When subject matter jurisdiction is dependent upon the same statute which provides the substantive claim in the case," *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987), and when the "resolution of the jurisdictional

5

question requires resolution of an aspect of the substantive claim," the jurisdictional issue and the merits are considered intertwined. *Pringle v. United States*, 208 F.3d 1220, 1223 (10th Cir. 2000). The jurisdictional question is intertwined with the merits of the case here. "In most cases, a plaintiff's failure to state a claim under Rule 12(b)(6) does not deprive a federal court of subject-matter jurisdiction," but in the "unique context of the FTCA, all elements of a meritorious claim are also jurisdictional." *Id.* at 217. Therefore, Defendant's motion will be treated as one brought under Rule 12(b)(6).

To survive a Rule 12(b)(6) motion, "a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "There is a low bar for surviving a Rule 12(b)(6) motion to dismiss," and a case "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Griffith v. El Paso Cnty., Colo.*, 129 F.4th 790, 815 (10th Cir. 2025) (cleaned up).

Although the facts alleged in the operative pleading are viewed in the light most favorable to the non-moving party, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "In other words, dismissal under Rule 12(b)(6) is appropriate if

the complaint alone is legally insufficient to state a claim." *Brokers' Choice*, 861 F.3d at 1104–05.

Additionally, conclusory allegations need not be accepted. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.").

### B. The Court Cannot Exercise Jurisdiction over Plaintiffs' Claims Because They Have Not Identified a Sufficient Private Party Analog

One of the elements of Plaintiffs' FTCA claims is that they must be brought "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Brownback v. King*, 592 U.S. 209, 212 (2021) (citations omitted). In other words, Plaintiffs cannot prevail unless they show that Oklahoma law provides comparable liability for private persons. *See* 28 U.S.C. § 1346(b)(1); *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1117 (10th Cir. 2004) ("the 'like circumstances' inquiry requires only that the United States be analogized to a similarly situated private party.") (citation omitted). As noted above, this element is jurisdictional, and it is Plaintiffs' burden to establish subject-matter jurisdiction. *See Pappas v. United States*, 617 F. App'x 879, 882 (10th Cir. 2015) (citation omitted) (explaining that the

7

party asserting jurisdiction "bears the burden of proof to establish that the court possesses subject-matter jurisdiction based upon analogous Oklahoma private liability") (citing *Miller v. United States*, 710 F.2d 656, 662 (10th Cir. 1983)).

Defendant argues that the conduct underlying Plaintiffs' FTCA claims, erroneous testimony before a grand jury, does not give rise to civil liability under Oklahoma law, and that Plaintiffs' claims should therefore be dismissed. [ECF No. 78 at 19–20]. Plaintiffs respond that malicious prosecution "is not just giving false testimony to a grand jury" and that it "can include multiple steps including giving prosecutors false reports, withholding exculpatory evidence, etc." [ECF No. 88 at 7]. Plaintiffs also rely on two cases for the proposition that false testimony "constitutes a tort" and is actionable under the FTCA [*Id.* at 7–9].

Plaintiffs' reliance on the cited cases is misplaced. First, Plaintiff relies on *Robinson v. Maruffi*, 895 F.2d 649 (10th Cir. 1990). [ECF No. 88 at 7]. But the *Robinson* case was brought under 42 U.S.C. §§ 1983, 1985, and 1986 "for deprivation of [the plaintiff's] *constitutional* rights," not claims brought under the FTCA with an underlying state law analog. 895 F.2d at 650 (emphasis added). Therefore, the *Robinson* case is inapposite. Second, Plaintiff relies on *Pierce v. Gilchrist* 359 F.3d 1279 (10th Cir. 2004), [ECF No. 88 at 7–8], which is also a Section 1983 case. 359 F.3d at 1285. The focus in *Pierce* was on the

8

ultimate question of whether there was a constitutional violation, not whether the plaintiff had alleged a common law tort. *See* 359 F.3d at 1290. Plaintiffs are correct that false testimony before a grand jury is problematic for many reasons. But that does not necessarily have anything to do with maintaining an FTCA claim based on a sufficient state law analog. Therefore, the Court will focus on whether Plaintiffs' malicious prosecution claim can survive dismissal.[1]

As thoroughly explained in another recent FTCA case, malicious prosecution claims based on false testimony are not viable under Oklahoma law. *Tyler v. United States*, CIV-19-01102-JD, 2024 WL 1862324, at *11 (W.D. Okla. Apr. 29, 2024). That is because "Oklahoma offers 'participants in judicial proceedings an absolute immunity against later civil suits grounded in litigation conduct.'" *Id.* (quoting *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1185 (10th Cir. 2014) (citing *Patel v. OMH Med. Ctr., Inc.*, 987

---

[1] The Court acknowledges that Plaintiffs assert several other claims in the complaint that could potentially have state law analogs, but Plaintiffs' response to Defendant's motion focuses exclusively on the malicious prosecution claim. Perfunctory, undeveloped arguments (or, in this case, complete omissions) are waived. *See Pamela D.T. v. O'Malley*, No. 4:23-cv-62-CDL, 2024 WL 1381779, at *6 (N.D. Okla. Mar. 31, 2024) (collecting cases and noting that perfunctory arguments are waived). Additionally, judges "are not like pigs, hunting for truffles buried in briefs," and the Court will not make arguments on Plaintiff's behalf. *Rocky Mountain Wild, Inc. v. United States Forest Service*, 56 F.4th 913, 927 (10th Cir. 2022) (quoting *Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1546) (10th Cir. 1995)).

P.2d 1185, 1202 (Okla. 1999)). "Oklahoma also 'recognize[s] an absolute privilege for communications made preliminary to proposed judicial or quasi-judicial proceedings in favor of attorneys, parties and witnesses.'" *Id.* (quoting *Kirschstein v. Haynes*, 788 P.2d 941, 945 (Okla. 1990), *superseded by rule on other grounds by Dani v. Miller*, 374 P.3d 779, 785 n.1 (Okla. 2016)). Stated otherwise, witnesses who provide false testimony are immune from civil suits under Oklahoma law.

Plaintiffs argue that malicious prosecution claims can involve more than false testimony, and they "can include multiple steps including giving prosecutors false reports, withholding exculpatory evidence, etc." [ECF No. 88 at 7]. In the complaint, however, the malicious prosecution claim is based solely on false testimony and unspecified "other acts," not any other conduct. [ECF No. 2 at 11–12]. Therefore, because Oklahoma law does not allow for civil claims based on false testimony, Plaintiffs have failed to show a sufficient state law analog for their FTCA claim. Because Plaintiffs have neither shown nor argued in support of any other state law analogs, the Court lacks subject-matter jurisdiction, and dismissal is therefore proper. "[R]emedies for 'litigation-related misconduct' are to be pursued in the litigated case, or through bar disciplinary or criminal proceedings," not through FTCA claims like the ones asserted by Plaintiffs in this case. *Tyler*, 2024 WL 1862324, at *11 (W.D. Okla. Apr. 29, 2024).

## C. Other Issues

The parties raise additional issues in the briefing. However, the Court declines to address those issues because the private party analog issue is an independent basis for dismissal.

## III. Conclusion

For the reasons set forth above, Defendant's motion to dismiss [ECF No. 78] is GRANTED and Plaintiffs' claims against the United States are DISMISSED WITHOUT PREJUDICE.

The Court has also dismissed Dr. Moris Laca's single claim against Special Agent Scott Jones, *see* [ECF No. 169], thus leaving no remaining claims against any of the defendants. With that in mind, the Court grants Plaintiffs leave to amend the complaint. Plaintiffs may amend the complaint no later than August 27, 2025. Failure to timely amend the complaint may result in dismissal of this action in its entirety.

DATED this 6th day of August, 2025.

Sara E. Hill
UNITED STATES DISTRICT JUDGE